## STATE OF MINNESOTA *v.* THOMAS HAIR.

### October 10, 1887.

**Criminal Law—Mayhem—Intent.**—In a prosecution for maiming, under section 177, Penal Code, the injury must be wilfully inflicted, "with the intent to injure, disfigure, or disable;" but the "intent" is to be presumed from the act of maiming, unless the contrary appears.

**Same—"Intent" Defined.**—The "intent" referred to in the statute may be defined to be the purpose at the time to do, without lawful authority or necessity, that which the statute forbids; and the words "intent to injure" refer to injuries of the same class specified in the statute, or such as might reasonably be expected to be dangerous, or result in serious bodily harm.

**Same—Evidence.**—Evidence *held* sufficient to warrant the submission of the case to the jury.

**Same—Appeal—Instructions not Excepted to.**—Errors and omissions of the trial court in its instructions to the jury, not duly excepted to, not considered on appeal.

The defendant was indicted, tried, and convicted in the district court for Hennepin county, of the crime of maiming another, and appeals from an order by *Young*, J., refusing a new trial.

*Lane & Dodge* and *F. B. Dodge*, for appellant.

*Moses E. Clapp*, Attorney General, for the State.

VANDERBURGH, J.    There are but two assignments of error on this appeal: *First*, that, upon the motion for a new trial, the court erred in holding that the evidence was sufficient to warrant a verdict of guilty; and, *second*, in sustaining the instructions given on the trial upon the question of intent.

1. The evidence of the witnesses on the part of the state, including the complainant, whose credibility was for the jury, was sufficient to support the verdict. The complaining witness testified that the defendant threw him down, and kicked him in the face and in the left eye, and in this he is sustained by other testimony. There is a conflict in the evidence as to the circumstances of the assault, and the manner in which the injury complained of was inflicted, but none

upon the question that the injury which resulted in the loss of the complainant's eye was caused by the defendant, or that such act was intentionally committed. The evidence is undisputed and conclusive that the defendant was angry, and that he had cherished ill feeling against the complainant, for which he claims to have had provocation, and that there were angry words and blows between them. But, whatever blame may attach to the complainant in the premises, it is plain that the injury here complained of was not committed by defendant in self-defence, nor is it claimed to have been. The defendant swears that he "threw him down," and when he got up, he says, "I caught him, and threw him down again; struck him in the face with my fist. Couldn't get much of a chance to hit him. I took my left hand. He had his face partly on the sidewalk while lying on the left side. I was on the right side, and struck for the left side of his head." "These blows he got while lying on the ground here on the left side." Conceding that the jury might find that the injury resulted from these blows with defendant's fist, instead of a kick by him in the face of the complainant, still they appear to have been wrongfully and intentionally given, and, in the absence of evidence to the contrary, the law will imply the unlawful and criminal intent to inflict the injury resulting therefrom.

The offence charged is defined as follows, in the Penal Code, § 177: "A person who wilfully, with intent to commit a felony, or to injure, disfigure, or disable, inflicts upon the person of another an injury, which (1) seriously disfigures his person by any mutilation thereof, or (2) destroys or disables any member or organ of his body, or (3) seriously diminishes his physical vigor by the injury of any member or organ, is guilty of maiming. * * * The infliction of the injury is presumptive evidence of the intent." Sec. 180: "To constitute maiming, it is immaterial by what means or instrument, or in what manner the injury was inflicted." It will be observed that the language is "wilfully inflicts the injury," which disfigures or disables. Upon the evidence there can be no doubt that the question whether the defendant wilfully inflicted the injury which destroyed the complainant's eye was for the jury, and they were at liberty to infer the unlawful intent from the infliction of the injury.

2. The second assignment of error is based upon an exception "to all that portion of the charge in which the court instructs the jury that the intention is presumed from the infliction of the injury, in that it is misleading, and not a full and fair exposition of the law." The charge of the court was perhaps, in several particulars, not strictly accurate; but in respect to the legal presumption of the intent from the infliction of the injury, as applicable to this case, it was correct; and the inaccuracies or errors in the charge were not pointed out or reached by the general exception to that portion of it relating to this branch of the case. And so, also, if the instructions were not deemed as full and explicit as defendant desired, he should have asked other or further instructions.

This is sufficient to dispose of the case in this court. But, as the Code has wrought a material change in the laws of this state upon the subject, a brief discussion of some of the provisions of the new act bearing on this case may not be improper. The defendant's principal contention is that the intent to disfigure, disable, etc., being made a necessary ingredient of the offence, should be distinctly and independently shown or made to appear, and that evidence of the infliction of the injury is not by itself sufficient. In this, however, he is in error. The legislature were not content to leave the courts to apply the ordinary rule in respect to legal presumptions in such cases, but have especially declared and emphasized it in the statute. It is a transcript of the recent New York statute on the same subject. The law as it previously stood in that state required proof of premeditation. *Tully* v. *People*, 67 N. Y. 15. The purpose to change the rule is clear. It will be observed that the words "premeditation," "maliciously," or "malice aforethought" are omitted. The object of the statute was to throw additional safeguards around the person of the citizen, and to suppress brutal or barbarous modes of assault and personal injuries. In the majority of cases, maiming is not done upon premeditation and in cool blood, but in sudden rencounters. The offence of maiming may therefore, under this statute, be committed in the heat of passion, or in sudden combat. But, while the statute is thus clear and specific as to presumptive evidence of the intent therein defined, it is equally clear as to the necessity of the

existence of such intent. The maiming must be with the intent to maim, or, more accurately, the injury must be purposely (not accidentally) inflicted, "with the intent to commit a felony, or to injure, disfigure, or disable;" and this is a question for the jury. The offence may be committed in attempting or while intending to commit a felony, as robbery, murder, etc., or with the intent to disfigure or disable, or to inflict serious bodily injuries to the person, or any member or organ of the body. It is obvious that the term "intent to injure," in the connection used, is intended to refer to personal injuries of the same general class, or to such as might reasonably be expected to be dangerous, or result in serious bodily harm, and not to slight injuries or assaults, from which such results are not naturally or reasonably to be expected. The intent, then, referred to in the statute, may be the purpose and disposition, at the time, to do, without lawful authority or necessity, that which the statute forbids, and it may be presumed from the infliction of the injury. Such presumption is of course disputable. The circumstances attending the alleged wrongful act may so explain it as to leave its criminal character in doubt, or rebut it altogether; and the defendant may show that it was done under the pressure of necessity, while lawfully defending himself, or that it was accidental, or not within the probable consequences of what he intended or actually attempted to do. *State* v. *Crawford*, 2 Dev. 425; *Com.* v. *Webster*, 5 Cush. 295, 305, (52 Am. Dec. 711.)

Order affirmed.